**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
EASTERN DIVISION**

**RUTH NORWOOD**                                                                                         **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 2:21-CV-149-KS-MTP**

**GEORGIA-PACIFIC MONTICELLO LLC,
JOHN DOES 1-5 AND XYZ CORPORATIONS 1-5**               **DEFENDANTS**

**ANSWER AND DEFENSES OF
<u>GEORGIA-PACIFIC MONTICELLO LLC</u>**

COMES NOW, the Defendant, Georgia-Pacific Monticello LLC, (hereafter sometimes referred to as "this Defendant" or "Georgia-Pacific"), by and through counsel, and in answering the Complaint exhibited against it answers and says:

<u>FIRST DEFENSE</u>

The Complaint fails to state a claim against this Defendant upon which relief may be granted and should be dismissed.

<u>SECOND DEFENSE: ANSWER</u>

Answering the allegations of the Complaint, paragraph by paragraph, this Defendant says:

I.

The allegations in Paragraph I are admitted on information and belief.

II.

The allegations in Paragraph II are admitted except to deny that CT Corporation System is this Defendant's registered agent.

1

III.

The allegations in Paragraph III are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is required or to the extent the allegations against another defendant are construed adversely to this Defendant, the allegations are denied.

IV.

This Defendant denies the allegations in Paragraph IV in that the case has been removed to United States District Court, which is a court that has subject matter and personal jurisdiction.

V.

This Defendant admits that the Plaintiff was employed by and working for Weiser Security Services, Inc. on September 22, 2019. The remaining allegations in Paragraph V are denied.

VI.

The allegations in Paragraph VI are denied.

VII.

This Defendant denies the allegations in Paragraph VII as to liability and/or negligence. This Defendant is without sufficient knowledge or information to admit or deny the allegations as to incurred medical bills and/or medical damages arising from the incident, so those allegations are denied for lack of sufficient knowledge or information.

VIII.

The allegations in Paragraph VIII are denied.

IX.

This Defendant denies the allegations contained in the unnumbered Paragraph IX

beginning with the word "WHEREFORE" and denies that Plaintiff is entitled to any judgment against it whatsoever or in the alternative, this Defendant denies Plaintiff is entitled to a judgment for the amounts and types of claims made including the damages requested in subparagraphs (a) through (e).

### THIRD DEFENSE

The alleged accident, injuries, and damages many have been caused or contributed to by the culpable conduct of others over whom this Defendant had no control. As to all such persons, this Defendant pleads the apportionment and other provisions of Miss. Code Ann. § 85-5-7.

### FOURTH DEFENSE

This Defendant asserts the doctrine of contributory or comparative negligence. Immediately before and/or during the alleged incident, the Plaintiff may have committed negligence, which negligence may have been a proximate contributing cause of the alleged incident, injuries, and damages. Any recovery should therefore be barred or reduced by the amount of such negligence if it is found to exist.

### FIFTH DEFENSE

This claim may be barred by the laws governing workers compensation exclusivity.

### SIXTH DEFENSE

If such claim is asserted against the Defendant, Plaintiff's claims for punitive damages under Mississippi law violates Defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article III, Sections 14, 23, 26, and 28 of the Mississippi Constitution because, among other things: (1) Mississippi's standard for an award of punitive damages is so vague and indefinite that it does not give this Defendant fair notice of the kind of conduct that would subject it to punishment or the severity of the penalty that the state

might impose; (2) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate amount of the punitive damage award; (3) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principals of punishment and deterrence; (4) an award of punitive damages is not subject to judicial review on the basis of objective and uniform standards; (5) Plaintiff's claim exceeds the legitimate interest of the State in pushing unlawful conduct and deterring its repetition; (6) Plaintiffs' claims are grossly excessive in comparison to the civil or criminal penalties that could be imposed for comparable conduct; (7) there is no basis to assume that a lesser deterrent would not adequately protect the interest of the State's citizens; (8) Plaintiff's claims would impose an undue burden on interstate commerce; and (9) for other reasons to be assigned at trial. In the alternative, Defendant asserts the provisions of Miss. Code Ann. § 11-1-65 that are applicable.

## SEVENTH DEFENSE

This Defendant reserves the right to assert further affirmative defenses if they become evident during through discovery or investigation.

## EIGHTH DEFENSE

Unless expressly admitted herein, this Defendant denies all allegations of the Plaintiff's Complaint.

AND NOW, having fully answered the Complaint, Defendant, Georgia-Pacific Monticello LLC, demands judgment dismissing the Complaint with prejudice and awarding costs.

THIS, the 30th day of November, 2021.

Respectfully submitted,

*/s/ C. Maison Heidelberg*
C. MAISON HEIDELBERG, MB #9559
*Attorney for Georgia-Pacific Monticello LLC*

OF COUNSEL:

HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, MS  39157
601-790-1584 (Direct)
601-790-1588 (General)
mheidelberg@hpwlawgroup.com

## CERTIFICATE OF SERVICE

I, C. Maison Heidelberg, of counsel for the Defendant, do hereby certify that I have this day served via the Court's electronic filing system a true and correct copy of the above and foregoing to:

>Cory M. Williams
>L. O'Neal Williams, Jr.
>WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
>140 Mayfair Road, Suite 1100
>Hattiesburg, MS  39402
>corywilliams@wwmlawfirm.net
>nealwilliams@wwmlawfirm.net

THIS, the 30th day of November, 2021.

*/s/ C. Maison Heidelberg*
C. MAISON HEIDELBERG